FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 25 1998

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER WALTERS                     PLAINTIFF

V.            CASE NO. LR-C-98-303

STONE CONTAINER CORPORATION           DEFENDANT

## ANSWER

Comes the Defendant, Stone Container Corporation, by and through its counsel, Cross, Gunter, Witherspoon & Galchus, P.C., and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that Plaintiff seeks to bring an action under Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.*, and under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* However, Defendant denies that it has in anyway violated either of those statutes.

3. Defendant acknowledges that the Plaintiff seeks to allege that the Court has subject matter jurisdiction over these two (2) causes of action. Defendant denies that jurisdiction is appropriate under those Acts. Furthermore, to the extent that paragraph 3 of Plaintiff's Complaint can be read to suggest that Defendant engaged in any conduct in violation of those statutes, the allegations are denied.

4. Defendant admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendant states that Plaintiff was employed in September, 1994. He was subsequently laid off on July 23, 1995, but then recalled on July 31, 1995. Thereafter, he remained employed until his termination on February 5, 1998. Defendant denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint, and, therefore, denies the same.

8. Defendant denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint, and, therefore, denies the same.

10. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint, and, therefore, denies the same.

11. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint, and, therefore, denies the same.

12. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint, and, therefore, denies the same.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint. Defendant admits that Plaintiff asked for information concerning Stone's EAP, but did not indicate his intent to participate, nor discussed the details of his particular condition.

14. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint, and, therefore, denies the same.

15. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint, and, therefore, denies the same.

16. Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint. Defendant admits that Stone's supervisor informed Walters that his relief had called in sick and he would need to remain at work.

17. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint, and, therefore, denies the same.

18. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint, and, therefore, denies the same. Defendant does admit that Plaintiff walked off the assigned job without permission.

19. Defendant admits that the Plaintiff was terminated for walking off his shift in violation of Plant Rules and for insubordination in not staying to work as instructed by his supervisor.

20. Defendant denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant incorporates by reference herein all of its responses to paragraphs 1 through 21 set forth above, as if incorporated fully herein.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendant incorporates by reference herein all of its responses to paragraphs 1 through 26 set forth above, as if incorporated fully herein.

28. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint, and, therefore, denies the same.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant does not have sufficient information to know what Mr. Walters in good faith believed, and, therefore, denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint insofar as there was no basis for Stone to have provided such notice to Plaintiff.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint since there was no basis of which Defendant was aware for which such notice was appropriate.

35. Defendant admits that it is an employer within the meaning of the FMLA. However, it denies that the situation is actionable under the FMLA, and, therefore, denies the remaining allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendant admits that Plaintiff is seeking certain relief, but states that Plaintiff is not entitled to any of the relief which it is seeking under the "WHEREFORE" clause in Plaintiff's Complaint.

41. Defendant denies each and every allegation not specifically admitted herein.

42. Defendant reserves the right to plead further and amend this Answer.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses:

1. Defendant affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant affirmative states that Plaintiff was not an eligible employee under the FMLA, and, his FMLA claim should be dismissed.

3. Defendant affirmatively states that Plaintiff has failed to mitigate its damages.

4. Defendant affirmatively states that Plaintiff has not identified a serious health condition under the FMLA.

5. Defendant states that it acted in good faith with respect to Plaintiff and did not fail to follow the tenets of the FMLA.

6. Defendant affirmatively states that the actions taken in connection with Plaintiff's employment were for legitimate, non-discriminatory reasons or factors and were not unjustified reasons.

7. Defendant affirmatively states that Plaintiff failed to give proper notice of his alleged need for FMLA leave.

8. Defendant affirmatively states that Plaintiff's condition does not constitute a disability as the term is defined in the ADA.

WHEREFORE, Defendant respectfully reuqests that Plaintiff's Complaint be dismissed with prejudice in its entirety, and that Defendant be granted all relief to which it may be entitled, including reasonable attorney's fees and costs.

                                        Respectfully submitted,

                                        J. Bruce Cross   (AR Bar # 74028)
                                        Abraham W. Bogoslavsky  (AR Bar # 89036)
                                        CROSS, GUNTER, WITHERSPOON
                                        & GALCHUS, P.C.
                                        500 East Markham, Suite 200
                                        P.O. Box 3178
                                        Little Rock, Arkansas 72203

                                        Tel:  (501) 371-9999
                                        Fax: (501) 371-0035

                                        **ATTORNEYS FOR THE DEFENDANT,**
                                        **STONE CONTAINER CORPORATION**

By: _____
          J. Bruce Cross

## CERTIFICATE OF SERVICE

I, J. Bruce Cross, the undersigned, hereby certify that a copy of the foregoing Answer has been served on L. Oneal Sutter, Harrill & Sutter, P.L.L.C., 11510 Fairview Road, Suite 200, Little Rock, Arkansas 72221 , by U.S. Mail, postage prepaid, this 25th day of June, 1998.

_____
          J. Bruce Cross

P:\DOCS\BRUCE\STONE\Walters v\Answer.wpd